[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10928
Non-Argument Calendar
_____

D. C. Docket No. 05-00228-CR-T-30-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE HERNANDEZ-FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 18, 2006)**

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Hernandez-Flores appeals his sentence for illegal re-entry after

deportation, in violation of 8 U.S.C. § 1326. For the reasons that follow, we affirm.

## I. Background

In March 2005, Hernandez-Flores was arrested in Florida for grand theft of an automobile. During a post-arrest statement, he admitted that he was deported in 2001 after serving approximately five years on a robbery conviction in Virginia. Hernandez-Flores, a Mexican national, was subsequently indicted for illegal re-entry without permission after being deported following his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. He agreed to plead guilty without a written plea agreement. After a change of plea hearing before a magistrate judge, the district court adopted the magistrate judge's recommendation to accept Hernandez-Flores's guilty plea and adjudicated Hernandez-Flores guilty.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 8 under U.S.S.G. § 2L1.2(a), with a 16-level enhancement under § 2L1.2(b)(1)(A) based on Hernandez-Flores's prior conviction for a crime of violence, and a 3-level reduction for acceptance of responsibility under § 3E1.1. The probation officer then listed Hernandez-Flores's criminal history, which included multiple convictions for controlled substances offenses, robbery, and theft, and determined that his criminal history category was

V. The resulting advisory guidelines range was 70 to 87 months imprisonment.

Hernandez-Flores did not object to the PSI but moved for a downward departure based on his assimilation into American culture and the lack of medical attention for his gum disease, rashes, and asthma while he was in jail. At his sentencing hearing, Hernandez-Flores requested a departure, arguing that a sentence of 42 months would be sufficient punishment. He explained that he had been working in the United States since the age of nine, that he had re-entered to work hurricane relief in Florida, and that he had arranged for work in Mexico to enable him to support his family. He stated that his children are American citizens, and he wanted to earn enough money for them to return from Mexico to the United States. He again alleged that he was not receiving medical care in prison.

The court started to impose sentence, stating that it had considered the guidelines range and sentencing factors in § 3553(a), at which point the government interrupted and asked to be heard. The government then reminded the court of Hernandez-Flores's lengthy criminal history and argued that a sentence within the guidelines range, but not at the low end of the range, would be appropriate. The court imposed a sentence of 78 months imprisonment, stating that it had considered the Sentencing Reform Act of 1984, and had determined that the sentence was "sufficient but not greater than necessary to comply with the statutory

purposes of sentencing." The court also noted that it found no reason to depart from the guidelines sentence.

Hernandez-Flores now appeals.

## II. Discussion

On appeal, Hernandez-Flores argues that his sentence was unreasonable and that a sentence of 42 months would have been sufficient to punish his behavior, deter future conduct, and protect the public. He further asserts that we must vacate his sentence because the district court failed to state with specificity its reasons for imposing the sentence and failed to address the § 3553(a) factors, such as the nature and circumstances of the offense, his age, his intent to support his family, and his work history. Although he acknowledges that the district court need not discuss each sentencing factor, he argues that the mere statement that the sentence is reasonable is insufficient and that a sentence within the guidelines is not per se reasonable. According to Hernandez-Flores, he provided the court with many reasons for sentencing him below the guidelines range, and although the court could reject his claims, the court could not ignore his arguments under §§ 3553(c)(1) and (c)(2).

After Booker, the district court still must correctly calculate the guidelines range, and we review a defendant's sentence for reasonableness. United States v.

Dowd, 451 F.3d 1244, 1256 (11th Cir. 2006); United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). The defendant bears the burden of showing that his sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In imposing sentence, the district court should consider the sentencing factors from § 3553(a): "the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities." 18 U.S.C. § 3553(a)(1)-(7). Although the court must state its reasons for imposing a particular sentence, 18 U.S.C. § 3553(c), the district court need not mention each of the § 3553(a) factors. United States v. Johnson, 451 F.3d 1239, 1244 (11th Cir. 2006). Yet, under certain circumstances the court must provide additional reasons for the sentence imposed. 18 U.S.C. § 3553(c)(1) & (c)(2).

Here, Hernandez-Flores's arguments fail. First, his sentence was reasonable. Hernandez-Flores had a lengthy criminal history. In fact, local police in Florida learned his immigration status after they arrested him for grand theft of an automobile. The court listened to Hernandez-Flores's arguments about needing to support his family and imposed a sentence in the middle of the guidelines range,

5

which was well below the twenty-year statutory maximum. United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006). Moreover, the court considered a downward departure and found that the facts did not justify a reduction. Hernandez-Flores's bare allegations that his sentence was unreasonable and that a sentence of 42 months would have been reasonable are insufficient to meet his burden of showing that his sentence was unreasonable.

Second, contrary to Hernandez-Flores's argument, the transcript of the sentencing hearing shows that the court stated that it had considered the § 3553(a) factors before imposing sentence. As the court started to announce the sentence, stating that it had considered the § 3553(a) factors, the government interrupted. When the court resumed, it did not, and did not need to, reiterate that it had considered the factors. The court's statement was more than a simple assurance that the sentence was reasonable; the court stated that it had considered those factors and imposed a sentence that was sufficient but not more than necessary to meet those sentencing goals. The court could have been more explicit, but further explanation was not required because the sentence was within the guidelines range. United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005).

Finally, the district court was not obligated to give additional reasons for the sentence imposed. Contrary to Hernandez-Flores's argument, §§ 3553(c)(1) and

(c)(2) were inapplicable. Section 3553(c)(1) applies only when the guidelines range exceeds 24 months; the range here was 17 months. Section 3553(c)(2) applies only when the sentence imposed falls outside the guidelines range. Here, Hernandez-Flores's sentence of 78 months was within the guidelines range of 70 to 87 months.

For the reasons above, we affirm the district court.

AFFIRMED.