**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4111**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY M. WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (3:05-cr-00173-REP)

Argued:  March 14, 2007                Decided:  April 10, 2007

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Whitney C. Tymas, HICKSTYMAS, L.L.C., Richmond, Virginia, for Appellant.  Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:** David M. Hicks, Shawri King-Casey, HICKSTYMAS, L.L.C., Richmond, Virginia, for Appellant.   Chuck Rosenberg, United States Attorney, Alexandria, Virginia; Matthew C. Ackley, Special Assistant United States Attorney, Tara Michele McManigal, Third-Year Practice Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy M. Williams appeals his 210-month sentence following his guilty plea to possession of a firearm by a convicted felon. Williams contends that the district court erred in its determination that he qualifies as an armed career criminal under the Armed Career Criminal Act. Because the district court properly found that Williams qualifies as an armed career criminal, we affirm.

I.

Williams pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). The pre-sentence report (PSR) determined that Williams had an offense level of 30 and a criminal history category of VI, yielding a United States Sentencing Guidelines range of 168-210 months. However, the PSR also concluded that Williams qualified as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2006), meaning that he was subject to a mandatory minimum sentence of not less than fifteen years' (180 months') imprisonment.

Williams objected to the PSR calculation, contending, inter alia, that he did not qualify for an enhancement under the ACCA. At sentencing the district court found that Williams had five qualifying prior felony convictions under the ACCA: two burglary

2

convictions, one consolidated larceny from the person conviction, and two robbery convictions. Thus, the court sentenced Williams to 210 months' imprisonment. Williams noted a timely appeal.

II.

The ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or serious drug offense or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Williams first argues that the ACCA violates the Fifth and Sixth Amendments because it permits a judge to enhance a sentence based on facts not included in the indictment, or admitted by the defendant or found by a jury beyond a reasonable doubt.

The district court properly rejected this argument as foreclosed by precedent. In _Almendarez-Torres v. United States_, 523 U.S. 224, 243 (1998), the Supreme Court held that when seeking a sentencing enhancement based on a prior conviction the Government "need _not_ allege a defendant's prior conviction in the indictment or information that alleges the elements of an underlying crime." In _Apprendi v. New Jersey_, 530 U.S. 466, 489 (2000), the Court reaffirmed the holding of _Almendarez-Torres_, and specifically exempted from the rule in _Apprendi_ "the fact of a prior conviction." _See Apprendi_, 530 U.S. at 489 (noting that "[e]ven

3

though it is arguable that Almendarez-Torres was incorrectly decided . . . Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today"). Most recently, in Shepard v. United States, 544 U.S. 13, 20 (2005), the Court again reaffirmed the prior conviction exception in the context of the ACCA, but limited the district court's inquiry in determining the existence of a prior conviction to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy . . ., or to some comparable judicial record of this information." 544 U.S. at 26.

Because of this Supreme Court precedent, we recently rejected the very argument Williams makes today. In United States v. Thompson, 421 F.3d 278, 281 (4th Cir. 2005), as here, the defendant argued that "the Supreme Court's recent Sixth Amendment rulings prohibit[ed] sentencing him under ACCA unless a jury finds (or he admits) the facts required by the statute."[1] In rejecting this argument we explained that the Supreme Court in Shepard "explicitly affirmed that the prior conviction exception [of Almendarez-Torres and Apprendi] remained good law." Id. Thus, "the 'fact of a

---

[1]Like Williams, the defendant in Thompson also challenged his sentence under the Fifth Amendment because "the indictment did not allege facts sufficient to support his enhanced sentence under ACCA." 421 F.3d at 281, n.2. We rejected that argument on the same grounds as we rejected his Sixth Amendment argument. Id. That holding requires rejection of the Fifth Amendment argument here.

4

prior conviction' remains a valid enhancement even when not found by the jury."  Id. at 282.

In sum, the Supreme Court's rulings in Almendarez-Torres and Shepard and this court's ruling in Thompson foreclose Williams's argument that the imposition of an ACCA enhancement based on predicate convictions found by a judge violates the Fifth and Sixth Amendments.


III.

Williams also contends that the Government failed to prove the existence of three qualifying predicate felonies under the ACCA using Shepard-approved sources.  For a prior conviction to qualify as a predicate offense under the ACCA, it must be a "violent felony" or "serious drug offense" that occurred on an "occasion[] different from [other offenses]."   18 U.S.C. § 924(e)(1). Moreover, under Shepard, a court can only determine whether a prior conviction meets these requirements by reference to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy . . ., or to some comparable judicial record of this information."  544 U.S. at 26.

The ACCA defines "violent felony" as

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that-- (I) has as an element the use, attempted use, or threatened use of

5

physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924 (e)(2)(B) (emphasis added).

A court is to employ "a categorical approach" in determining whether a prior conviction properly serves as a predicate conviction under the ACCA. Williams, 326 F.3d at 538 (citing Taylor v. United States, 495 U.S. 575, 600 (1990)). In accord with this approach, a sentencing court must first look to the statutory definition of the offense of conviction. Id. If the felony of which the defendant was convicted has as an element the use, attempted use, or threatened use of force, then the requirement of a "violent felony" has been fulfilled. United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995). However,

> "[i]n cases where the state conviction can be violated in a number of ways, some of which would support enhancement under § 924(e) and some of which would not, the categorical approach permits the sentencing court [to] go beyond the fact of conviction and the statutory definition of the underlying crime [to] examine the indictment, other charging papers, or jury instructions to determine whether the defendant was charged with a crime that meets the requirements of § 924(e)." Williams, 326 F.3d at 538 (citations omitted) (alterations in original).

In determining whether the prior convictions arise from offenses that occurred on "occasions different from one another" a court is to consider "only those predicate offense that can be isolated with a beginning and an end -- ones that constitute an

occurrence unto themselves." United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995). The court thus considers such factors as (I) whether the offenses occurred in different geographic locations, (ii) whether the nature of the offenses was substantively different, and (iii) whether the offenses involved multiple victims or multiple criminal objectives. Letterlough, 63 F.3d at 335-36. Williams contends that the district court looked beyond Shepard-approved sources in its findings as to his predicate convictions.

A.

Williams first argues that the Government did not prove that his burglaries constituted "violent felon[ies]" under the ACCA. In Taylor, the Supreme Court held that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599. When a state statute does not follow this generic definition, however, the Court explained in Shepard that a sentencing court can look to an indictment, jury instructions, a transcript of a plea colloquy, or other comparable sources "to determine whether a plea of guilty to burglary defined

7

by a nongeneric statute necessarily admitted elements of the generic offense . . . ." 544 U.S. at 26.

Williams was convicted of statutory burglary under Va. Code Ann. § 18.2-91, which does not require the elements of generic burglary identified in Taylor. Thus, the sentencing court had to look to Shepard-approved sources to determine whether Williams's convictions satisfied the elements of generic burglary. At sentencing the Government offered the indictment that charged Williams "did break and enter in the nighttime the dwelling house of Theresa Smith, with intent to commit larceny," and the corresponding jury verdict form, which found Williams "guilty of breaking and entering the property of Theresa Smith as charged in the indictment." The Government also offered the verdict form finding Williams guilty of "breaking and entering the property of Sylvia Coleman," and the jury instructions for both burglary charges, which instructed the jury that it must find that (1) "the defendant without permission in the nighttime entered or in the daytime broke and entered a dwelling house" and (2) "[t]hat he did so with intent to commit larceny." These Shepard-approved sources clearly show that Williams was convicted of the generic form of burglary. Thus, these burglaries constitute "violent felon[ies]" under the ACCA.

Williams also contends that the district court could not have determined, using only Shepard-approved sources, that the

8

burglaries were <u>separate</u> from one another.[2]  This argument presents a close question.  Although the robberies are alleged to have occurred on the same day, the jury instructions and verdict forms refer separately to the "property" or "dwelling" of Sylvia Coleman and the "property" or "dwelling" of Theresa Smith.  We need not resolve this question, however, for even if we were to consider the burglaries as one predicate offense, the Government, as explained within, still has shown three other predicate offenses.

## B.

Williams next contends that larceny from the person does not qualify as a "violent felony" under the ACCA because the crime, as defined by Virginia law, does not include as an element the use, attempted use, or threatened use of physical force, as required by the ACCA.  We have previously rejected a very similar argument.

In <u>United States v. Smith</u>, 359 F.3d 662 (2004), we considered whether the Virginia statute at issue here, Va.Code Ann. § 18.2-95, qualified as a "crime of violence" for the purposes of applying an

---

[2]Williams also maintains that because he was indicted for both burglaries and for the robbery of Jonhette Daniels on the same day -- May 9, 1998 -- it is impossible to tell from <u>Shepard</u>-approved sources whether the Daniels's robbery arose from criminal conduct separate from the burglaries.  This argument is meritless. Unquestionably, <u>Shepard</u>-approved documents demonstrate that the Daniel's robbery was separate from the two burglaries.  The indictments indicate that the burglaries took place on March 23, 1988, whereas the Daniels's robbery took place on March 5, 1988. Furthermore, the nature of the offenses was substantively different. Under <u>Letterlough</u> and <u>Hobbs</u>, Daniels's robbery was separate from the burglaries.

enhancement under the career offender guideline of the U.S. Sentencing Guidelines.  See U.S.S.G. § 4B1.1 (2002).  We noted that, as Williams argues, under Virginia law larceny from the person does not "contain as an element the use, attempted use, or threatened use of physical force." Smith, 359 F.3d at 664.  Thus, the offense can qualify as a crime of violence only if it "'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" Id. (quoting U.S.S.G. § 4B1.2(a)(2)).  In Smith we concluded that larceny from the person is a crime of violence "in the abstract" because "[t]he offense recognizes an enhanced societal concern for conduct that implicates at least a potential for personal assault, conduct that involves the person of the victim and jeopardizes his personal security." Id. at 664-66 (citations omitted).

Although Smith involved the Sentencing Guidelines rather than the ACCA, the definition of a "violent felony" under the ACCA -- "conduct that presents a serious potential risk of physical injury to another" -- is identical to the definition of a "crime of violence" under the Sentencing Guidelines.  Accordingly, we see no reason why the logic in Smith should not extend to the ACCA.  Thus, Williams's conviction for larceny from the person qualifies as a predicate "violent felony" under the ACCA.

Finally, Williams argues that based on the evidence in the record, the sentencing court could not conclude that his two robbery convictions qualify as "violent felon[ies]" under the ACCA. Robbery in Virginia requires "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Presley, 52 F.3d at 69 (citing Hoke v. Commonwealth, 237 Va. 303, 310, 377 S.E.2d 595, 599, cert. denied, 491 U.S. 910 (1989)). Williams focuses on the words "or intimidation" to argue that "intimidation" does not necessarily require the use, attempted use, or threatened use of physical force. Thus, according to Williams, without more information from the Government, a sentencing court may not conclude that a defendant convicted under Virginia's robbery statute has committed a violent felony.

However, we have previously held, in examining the same statute under which Williams was convicted -- Va.Code Ann. § 18.2-58 -- that robbery in Virginia is a violent felony:

> Violence is the use of force. Intimidation is the threat of the use of force. Thus, because robbery in Virginia has as an element the use or threatened use of force, [the defendant's] robbery convictions were properly used as predicates under ACCA.

Presley, 52 F.3d at 69.

Williams urges us to disavow Presley in light of the Supreme Court's recent holding in Shepard. Although Shepard explains the

11

procedure to be followed when statutory elements do not satisfy the definition of a "violent felony" under the ACCA, we held in Presley that any violation of Virginia's robbery statute necessarily constitutes a predicate conviction under the ACCA. Nothing in Shepard requires us to reconsider that holding. Thus, Williams's two prior robbery convictions qualify as predicate offenses under the ACCA.[3]

In sum, the district court properly found the presence of at least four predicate convictions: one larceny from the person; at least one burglary; and two robberies.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[3]Williams asks that we remand the case to the district court to determine whether he qualifies as a career offender under the Sentencing Guidelines. A remand is unnecessary because the Government has never argued that Williams qualifies as a career offender under the Guidelines. Williams also objects to the calculation of his criminal history in the PSR, although he makes little in the way of an argument beyond noting his objection. We conclude that the appellate waiver in his plea agreement extends to this claim, and thus we do not consider it.