IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 29, 2008

**Charles R. Fulbruge III**
Clerk

No. 07-40162
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LUIS TRUJILLO-LOYA, also known as Luis Rojas-Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-765-1

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Trujillo-Loya pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, and was sentenced to an 80-month term of imprisonment and a three-year term of supervised release. Trujillo-Loya argues that his prior California attempted robbery conviction is not a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). Trujillo-Loya concedes that he was convicted of attempted second degree robbery and further concedes that under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2, prior convictions for offenses counted under § 2L1.2(b)(1) include attempting to commit such offenses.  See CAL. PENAL CODE §§ 211, 664; U.S.S.G. § 2L1.2, comment. (n.5).  Although robbery is an enumerated crime of violence under the Guideline, Trujillo-Loya argues that robbery under CAL. PENAL CODE § 211 does not meet the generic, contemporary definition of robbery because the California statute prohibits a broader range of conduct.  He argues that the state statute may be violated not only by the use of force but also by threats to property.  Because the statute may be violated as a result of fear of property damage, Trujillo-Loya argues that the offense does not necessarily have as an element the use or threatened use of force and it does not comport with the contemporary meaning of the enumerated offense of robbery.

The district court's characterization of a prior offense is a question of law that this court reviews de novo.  United States v. Santiesteban-Hernandez, 469 F.3d 376, 378 (5th Cir. 2006).  Section 2L1.2 of the Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence."  § 2L1.2(b)(1)(A)(ii).  The commentary to § 2L1.2 defines "crime of violence" as (1) any specific enumerated offense, including "robbery," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  § 2L1.2, comment. (n.(B)(iii)).

When determining whether a state conviction constitutes a specifically enumerated, but undefined, offense for purposes of § 2L1.2's crime-of-violence enhancement, this court uses a "common sense approach."  United States v. Izaguirre-Flores, 405 F.3d 270, 274 (5th Cir. 2005).  Under this approach, we determine whether a violation of the underlying statute constitutes the enumerated offense as the enumerated offense is understood in its "'ordinary, contemporary, [and] common' meaning."  Id. at 275.  If the underlying statute encompasses prohibited behavior that is not within the plain, ordinary meaning

of the enumerated offense, the defendant's sentence cannot be upheld. Id. at 276-77.

In Santiesteban-Hernandez, 469 F.3d at 379-80, this court addressed whether the Texas offense of robbery is a crime of violence under § 2L1.2. We noted that the generic, contemporary meaning of an offense generally corresponds to the definition in a majority of the States' criminal codes; sources of meaning also include the Model Penal Code, treatises, federal and state law, dictionaries, and the Uniform Code of Military Justice. Id. at 379. We concluded: "the generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving [immediate] danger to the person." Id. at 380 (alteration in original) (internal quotation marks omitted). It is this "immediate danger element [that] makes robbery deserving of greater punishment than that provided for larceny and extortion . . . ." Id. (internal quotation marks omitted). Such danger is inherently present when property is taken by force or putting in fear. Id. at 380-81.

The California robbery statute proscribes "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." CAL. PENAL CODE § 211. Fear is defined as either the "fear of an unlawful injury to the person or property of the person robbed" or "fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." CAL. PENAL CODE § 212.

Although Trujillo-Loya maintains that a conviction under the California robbery statute is not a crime of violence because the statute criminalizes threats to property as well as persons, his assertion is based on a misunderstanding of the essential language of the statute defining robbery as a crime committed: (1) directly against the victim or in his presence; and (2) against his will. Like the Texas statute at issue in Santiesteban-Hernandez, the

California robbery statute involves the misappropriation of property under circumstances involving danger to the person. 469 F.3d at 380. Regardless of how the robbery occurs, that danger is inherent in the criminal act. Thus, even when the statute is violated by placing the victim in fear of injury to property, the property has been misappropriated in circumstances "involving [immediate] danger to the person." Id. (alteration in original).

Accordingly, robbery under § 211 of the California Penal Code falls within the generic or contemporary meaning of robbery as understood by this court. The § 2L1.2 enhancement was proper, and the district court properly calculated the advisory guidelines range. See U.S. v. Tellez-Martinez, ___ F.3d ___ (5th Cir. 2008).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Trujillo-Loya challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

For the foregoing reasons, the judgment of the district court is AFFIRMED.