**UNITED STATES of America,**
**Plaintiff.**

v.

**Samuel ORTIZ–GONZALEZ,**
**Defendant.**

**Cr. No. B–13–285.**

United States District Court,
S.D. Texas,
Brownsville Division.

Signed Sept. 6, 2013.

---

Holly Ann D'Andrea, U.S. Attorney's Office, Brownsville, TX, for Plaintiff United States of America.

Jeffrey L. Wilde, Federal Public Defender, Brownsville, TX, Margaret Christina Ling, Office of Federal Public Defender, Houston, TX, for Defendant Samuel Ortiz–Gonzalez.

## MEMORANDUM OPINION AND ORDER

ANDREW S. HANEN, District Judge.

The Court is faced with Defendant's objection to the Pre-sentence Investigation Report ("PSR") prepared by the United States Probation Office. The PSR, as filed with the Court, included a sixteen-point sentencing enhancement to the level eight base offense pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(A)(ii). The basis of the enhancement is Defendant's prior conviction of robbery under Virginia law, which the PSR designated as a crime of violence. For the reasons below, Defendant's objection to the sixteen-point enhancement is **DENIED.**

## I. BACKGROUND

Defendant Samuel Ortiz–Gonzalez pleaded guilty to the charge of illegal reentry after deportation, having been previously convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b). His PSR contained a sixteen-point enhancement due to his prior robbery conviction in the Circuit Court of Alexandria, Virginia on October 5, 2000. Defendant objects to this sixteen-point enhancement on the grounds that Virginia robbery is distinct from the Sentencing Guidelines' enumerated robbery offense.

## II. DISCUSSION

### A. Legal Background

Under the Sentencing Guidelines, § 1326(a) illegal reentry convictions are subject to an enhancement if the individual committed a prior crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Sentencing Guidelines' comments delineate two 'crimes of violence' categories: enumerated offenses and those within a 'catch-all' provision. § 2L1.2 cmt. n. 1(B)(iii). The enumerated offenses include "robbery" while the 'catch-all' provision includes "any other offense ... that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*

To determine whether a prior state conviction falls within an enumerated offense, there are three analytical steps: (1) determining the prior state conviction (2) defining the enumerated offense and (3) comparing the state law with the enumerated offense.

■ First, when examining the prior conviction, "the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez,* 711 F.3d 541, 549 (5th Cir.2013) (en banc); *United States v. Calderon–Pena,* 383 F.3d 254, 257 (5th Cir.2004) (en banc).

Second, as the United States Supreme Court has explained, the Sentencing Guidelines' enumerated offenses were produced by Congress' use of "uniform, categorical definitions...." *Taylor v. United States,* 495 U.S. 575, 590, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). However, the Sentencing Guidelines do not provide these uniform, categorical definitions for the enumerated crimes of violence. *See United States v. Martinez–Flores,* 720 F.3d 293, 295–96 (5th Cir.2013) ("The guidelines, however, do not define the enumerated crimes of violence...."). Therefore, courts must determine the enumerated offenses' definitions before resolving whether the sentence enhancement applies. To address this task, the Fifth Circuit has applied a " 'common sense approach,' de-

fining each crime by its 'generic, contemporary meaning.'" *United States v. Martinez–Flores,* 720 F.3d 293, 295–96 (5th Cir.2013) (citing *United States v. Sanchez–Ruedas,* 452 F.3d 409, 412 (5th Cir.2006)).

■ Most recently, the Fifth Circuit has also distinguished between the tests for common law and non-common law offenses when deriving the enumerated offenses' generic, contemporary meaning. *United States v. Rodriguez,* 711 F.3d 541, 552 (5th Cir.2013) (en banc).[1] Robbery has been recognized by the Fifth Circuit as a common law offense. *United States v. Rodriguez,* 711 F.3d 541, 552 n. 16 (5th Cir.2013) (en banc) (citing LaFave, *Criminal Law,* § 2.1(e) (5th ed.2010) (stating that robbery is a common law felony)). For common law offenses, the Fifth Circuit derives the 'generic, contemporary meaning' by examining sources including the Model Penal Code, criminal law treatises, legal dictionaries, and other state laws. *See, e.g., United States v. Martinez–Flores,* 720 F.3d 293, 296 (5th Cir.2013) (holding that New Jersey third-degree aggravated assault was not a crime of violence by examining the Model Penal Code and compar-

ing it with the state offense); *United States v. Esparza–Perez,* 681 F.3d 228, 229–30 (5th Cir.2012) (looking to the Model Penal Code, LaFave's Subst. Crim. L., modern state codes, and dictionary definitions to derive the generic, contemporary meaning of "aggravated assault" in the § 2L1.2 enhancement); *United States v. Gonzalez–Ramirez,* 477 F.3d 310, 317–18 (5th Cir.2007) (looking to the Model Penal Code, modern state codes, and LaFave's Subst. Crim. L. to derive the generic, contemporary meaning of "kidnapping" in the § 2L1.2 enhancement).

While the Fifth Circuit has not ruled that Virginia's robbery crime constitutes an enumerated offense,[2] it has used the 'circumstances involving immediate danger' test when examining Texas' and California's robbery crimes under the § 2L1.2 enumerated robbery offense. *See United States v. Castillo–Zuniga,* 270 Fed.Appx. 342, 344 (5th Cir.2008) (asking whether the crime involves "[immediate] danger to the person.") (citing *United States v. Santiesteban–Hernandez,* 469 F.3d 376 (5th Cir. 2006) *abrogated by United States v. Rodriguez,* 711 F.3d 541 (5th Cir.2013)) (altera-

---

1. For enumerated, non-common law offenses, the Fifth Circuit instructs courts to use a "plain meaning" approach. *United States v. Rodriguez,* 711 F.3d 541, 552 (5th Cir.2013). This involves consulting "legal and other well-accepted dictionaries" to "derive its 'generic, contemporary meaning' from its common usage." *Rodriguez,* 711 F.3d at 552.

2. The Court has not found any case law from any court which discusses whether Virginia's robbery offense falls within the Sentencing Guidelines' § 2L1.2 enumerated offense. The Eleventh Circuit has previously affirmed the application of § 2L1.2 crime of violence enhancement to a prior Virginia robbery offense, although the court did not address why Virginia's robbery offense fell within the enumerated list. *United States v. Hernandez–Flores,* 196 Fed.Appx. 846 (11th Cir.2006) (holding that the 78–month sentence for illegal reentry was reasonable and sufficiently

justified). Additionally, the Fourth and Ninth Circuits' have found Virginia's robbery provision to fall under the Armed Career Criminal Act's similarly worded violent crimes penalty enhancement. *See United States v. Williams,* 223 Fed.Appx. 280, 285 (4th Cir.2007) ("Violence is the use of force. Intimidation is the threat of the use of force. Thus, because robbery in Virginia has as an element the use or threatened use of force, Presley's robbery convictions were properly used as predicates under ACCA.") (citing *United States v. Presley,* 52 F.3d 64, 69 (4th Cir.1995)); *United States v. Melton,* 344 F.3d 1021, 1026 (9th Cir.2003) ("Looking to the common law definition of robbery as it has been articulated by the Virginia courts, we agree with the Fourth Circuit that this definition of robbery, on its face, has as an element the use or threatened use of physical force.") (citing *United States v. Presley,* 52 F.3d 64, 69 (4th Cir.1995)).

tion in original).[3] The Fifth Circuit reasoned that "It is this immediate danger element that makes robbery deserving of greater punishment than that provided for larceny and extortion. Such danger is inherently present when property is taken by force or putting in fear." *United States v. Castillo–Zuniga,* 270 Fed.Appx. 342, 343 (5th Cir.2008) (citing *Santiesteban–Hernandez,* 469 F.3d at 380) (internal quotation marks and alterations omitted).

■ Finally, to determine whether a state offense falls within the Guidelines' enumerated offenses, the Fifth Circuit compares the differences between the state offense and the enumerated offense: a "slight imprecision" between the offenses does not remove the state offense from the sentencing enhancement. *United States v. Rojas–Gutierrez,* 510 F.3d 545, 549 (5th Cir.2007) ("Even if the fit between the enumerated offense ... and the ordinary, contemporary, and common meaning ... may not be precise in each and every way, slight imprecision would not preclude our finding a sufficient equivalence.").

## B. Analysis

■ Defendant objects that Virginia robbery is not a § 2L1.2 enumerated offense because "Virginia Courts have defined robbery more broadly than the enumerated definition." (Doc. No. 15). Virginia defines 'robbery' by common law to mean "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Com. v. Anderson,* 278 Va. 419, 424, 683 S.E.2d 536 (Va.2009) (citing *Durham v. Commonwealth,* 214 Va. 166, 168, 198 S.E.2d 603 (Va.1973)) (internal quotation marks omitted).

Defendant contrasts the Virginia robbery offense with the Model Penal Code § 222.1, which states: "A person is guilty of robbery if, in the course of committing a theft, he: (a) inflicts serious bodily injury upon another; or (b) threatens another with or purposely puts him in fear of immediate serious bodily injury...." Model Penal Code § 222.1 (West 2013).

By focusing on Virginia's latter intimidation prong, Defendant argues that Virginia robbery is defined more broadly because "threats of violence are not an indispensable ingredient of intimidation." (Doc. No. 15) (citing *Harris v. Com.,* 3 Va.App. 519, 351 S.E.2d 356 (Va.1986)). Defendant adds in a supplemental objection that Virginia's robbery crime is also broader because "it does not require 'immediate' [injury] or that the bodily injury be 'serious.'" (Doc. No. 24). Lastly, Defendant argues that "there is no requirement in Virginia that the 'fear' induced by the defendant's intimidating words or conduct be judged by an objective standard of reasonableness." (Doc. No. 15) (citing *Harris v. Com.,* 3 Va.App. 519, 351 S.E.2d 356 (Va.1986)). This Court finds Defendant's arguments to be unpersuasive.

---

**3.** Although *Santiesteban–Hernandez* was abrogated by *Rodriguez,* its underlying analysis still applies. This is because *Santiesteban–Hernandez* was only abrogated insofar as it applied to non-common law offenses. Although the Fifth Circuit adopted a "plain meaning" approach for these non-common law offenses, it further provided that "We limit our holding today to offense categories that are not defined at common law. Accordingly, our precedent that looks to definitions in the variety of state codes, the Model Penal Code, federal law, and criminal law treatises to define the "generic, contemporary meaning" of offense categories defined at common law remains intact." *Rodriguez,* 711 F.3d at 553 n. 17. Additionally, as discussed, *Rodriguez* acknowledged that robbery is a common law offense. *Rodriguez,* 711 F.3d at 552 n. 16. Therefore, the Fifth Circuit's robbery analysis in *Santiesteban–Hernandez* remains instructive after *Rodriguez.*

## 1. 'Immediate Dangerous Circumstances' Test

First, Defendant's argument that Virginia's intimidation requirement is broader than the enumerated offense does not account for the Fifth Circuit's immediate dangerous circumstances test. As the Fifth Circuit has stated, "the issue is not merely whether [the state robbery offense] § 29.02 has as an element the use or threat of force, but whether the use or threat of force is part of the generic, contemporary meaning of 'robbery.'" *Santiesteban–Hernandez*, 469 F.3d at 379 (holding that Texas' robbery offense falls within the § 2L1.2 enumerated offense). The generic, contemporary meaning of robbery centers around immediate dangerous circumstances to the victim. *Id.* at 380.

Virginia's intimidation prong meets both the 'dangerous' and 'immediate' aspects of the test. While threats of violence or bodily harm are not indispensable to Virginia robbery, Virginia law still requires the fear of bodily harm. *Harris v. Com.*, 3 Va.App. 519, 521, 351 S.E.2d 356 (1986) (stating that victims must "actually be put in fear of bodily harm by the willful conduct or words of the accused."); *see also Pressley v. Com.*, 54 Va.App. 380, 387, 679 S.E.2d 551 (Va.Ct.App.2009) (upholding the robbery conviction because the jury "was entitled to infer ... that the appellant's conduct and words ... plac[ed] the victim in fear of bodily harm....."); *Bivins v. Com.*, 19 Va.App. 750, 753, 454 S.E.2d 741 (Va.Ct. App.1995) ("Intimidation results when the words or conduct of the accused exercise such domination and control over the victim as to overcome the victim's mind and

... will, placing the victim in fear of bodily harm.") (internal citations omitted).

This reasoning is also consistent with Fifth Circuit precedent holding California's robbery offense to qualify as a § 2L1.2 enumerated offense. Virginia's intimidation prong is similar to the 'fear' requirement found in California's robbery offense. Robbery is defined in California law to be "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal.Penal Code § 211 (West 2013). Similar to Virginia's "fear of bodily harm" element, California law defines § 211 'fear' to involve the "fear of an unlawful injury."[4]

The Fifth Circuit has previously held that California's robbery offense qualifies as a § 2L1.2 enumerated robbery offense. The Circuit reasoned that the criminal act's inherent danger was sufficient to create circumstances of immediate injury, even though in California the victim's fear may be only related to threats against property. *United States v. Alvarado–Rodriguez*, 269 Fed.Appx. 427, 429 (5th Cir. 2008) ("Regardless of how the robbery occurs, that danger is inherent in the criminal act. Thus, even when the statute is violated by placing the victim in fear of injury to property, the property has been misappropriated in circumstances involving immediate danger to the person.") (internal quotations and alternations omitted); *United States v. Castillo–Zuniga*, 270 Fed.Appx. 342, 343 (5th Cir.2008) (using identical reasoning); *United States v. Gaytan–Valle*, 265 Fed.Appx. 427, 428 (5th Cir.2008) (using identical reasoning). The

---

**4.** The California Penal Code defines "fear" as: 1. The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family; or,

2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery.
Cal.Penal Code § 212 (West 2013).

Ninth Circuit has also applied this 'immediate dangerous circumstances' test to determine that California robbery is a § 2L1.2 enumerated offense. *See United States v. Flores–Mejia,* 687 F.3d 1213, 1216 (9th Cir.2012) *cert. denied,* —— U.S. ——, 133 S.Ct. 958, 184 L.Ed.2d 744 (2013). Since Virginia's robbery offense contains a narrower injury requirement than California's, this Court's conclusion that Virginia robbery is a § 2L1.2 enumerated offense must by necessity be consistent with Fifth Circuit precedent.

Additionally, while Virginia robbery does not expressly require an immediate risk of bodily harm, it contains two elements that functionally entail the required immediacy. Therefore, the offense still meets the 'immediate' aspect of the 'immediate dangerous circumstances test.' Virginia requires the intimidation to occur contemporaneously with the taking. *Pressley v. Com.,* 54 Va.App. 380, 386, 679 S.E.2d 551 (2009) (intimidation must be "concomitant with a taking.") (internal citations omitted). The intimidation must also arise from bodily harm directed to the victim's person. *Bivins v. Com.,* 19 Va. App. 750, 753, 454 S.E.2d 741 (Va.Ct.App. 1995) (intimidation requires "placing the victim in fear of bodily harm."). The effect of these requirements is to require immediate bodily harm; the difference in language is merely an acceptable "slight imprecision" from the generic, contemporary meaning. *See United States v. Rojas–Gutierrez,* 510 F.3d 545, 549 (5th Cir. 2007).

### 2. No 'Serious Bodily Injury' Requirement

 Next, Defendant argues that the Model Penal Code requires fear of "serious" bodily injury in contrast to Virginia law. However, as discussed above, the Fifth Circuit does not solely consult the Model Penal Code when determining an offense's 'generic, contemporary meaning'—it also reviews legal treatises and the approach of other states. *See, e.g., United States v. Esparza–Perez,* 681 F.3d 228, 229–30 (5th Cir.2012); *United States v. Gonzalez–Ramirez,* 477 F.3d 310, 317–18 (5th Cir.2007). These sources indicate that the serious injury requirement is not necessarily part of robbery's 'generic, common meaning.'

The approach of other states and legal texts both support the inclusion of state robbery offenses without the serious injury requirement in the § 2L1.2 enumerated robbery offense. The Model Penal Code's fear of "serious" bodily injury requirement is a departure from the majority approach of the several states. Model Penal Code § 222.1 Editors' Notes (West 2013). Most state laws do not require the injury feared or threatened to be 'serious.' *See, e.g.,* Ala.Code § 13A–8–43(a) (West 2013); Ariz.Rev.Stat. Ann. § 13–1902 (West 2013); Ark.Code Ann. § 5–12–102(a) (West 2013); Cal.Penal Code § 211 (West 2013); Conn. Gen.Stat. Ann. § 53a–133 (West 2013); D.C.Code § 22–2801 (West 2012); Del.Code Ann. tit. 11, § 831(a) (West 2013); 720 Ill. Comp. Stat. Ann. 5/18–1(a) (West 2013); Iowa Code Ann. § 711.1 (West 2013); Kan. Stat. Ann. § 21–5420 (West 2012); Ky.Rev.Stat. Ann. § 515.030 (West 2012); La.Rev.Stat. Ann. § 14:65 (West 2012); Mass. Gen. Laws Ann. ch. 265, § 19(b) (West 2013); Me.Rev.Stat. tit. 17–A, § 651 (West 2013); Miss.Code Ann. § 97–3–73 (West 2013); Mont.Code Ann. § 45–5–401 (West 2013); N.D. Cent.Code Ann. § 12.1–22–01 (West 2011); N.H.Rev. Stat. Ann. § 636:1(I) (West 2013); N.J. Stat. Ann. § 2C:15–1 (West 2013); N.Y. Penal Law § 160.00 (McKinney 2013); Ohio Rev.Code Ann. § 2911.02 (West 2013); Okla. Stat. Ann. tit. 21, § 791 (West 2013); 18 Pa. Cons.Stat. Ann. § 3701 (West 2013); R.I. Gen. Laws § 11–39–1(b)

(West 2013); Tex. Penal Code Ann. § 29.02 (West 2013); Wyo. Stat. Ann. § 6–2–401 (West 2013).

Virginia's common law robbery offense also contains the same elements as Black's Law Dictionary's definition. Black's Law Dictionary, robbery (9th ed.2009) ("The illegal taking of property from the person of another, or in the person's presence, by violence or intimidation."); *Com. v. Anderson,* 278 Va. 419, 424, 683 S.E.2d 536 (Va.2009) (defining robbery as "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation."). Black's Law Dictionary also does not include a serious injury requirement. Black's Law Dictionary, robbery (9th ed.2009).

This determination that robbery's generic, contemporary meaning does not necessarily include a serious injury element is consistent with the Fifth Circuit cases concluding California's robbery crime falls within the § 2L1.2 enumerated offense. *See United States v. Alvarado–Rodriguez,* 269 Fed.Appx. 427 (5th Cir.2008); *United States v. Castillo–Zuniga,* 270 Fed.Appx. 342 (5th Cir.2008); *United States v. Gaytan–Valle,* 265 Fed.Appx. 427, 428 (5th Cir. 2008). This is because California's robbery statute does not contain a 'serious injury' requirement. *See* Cal.Penal Code § 211 (West 2013).

### 3. No 'Objective Standard of Reasonableness' Requirement

Lastly, Defendant's argument that *Harris* did not require an objective standard of reasonableness to judge the victim's fear is incorrect and arguably irrelevant.

The argument is incorrect because Virginia law requires the victim to be in reasonable apprehension of bodily harm. *Seaton v. Com.,* 42 Va.App. 739, 749, 595 S.E.2d 9 (Va.Ct.App.2004) ("When the per-

tinent test is cast in terms of a victim being put in 'fear' of injury ... it is necessary merely that he be *reasonably* apprehensive of injury.") (citing Charles E. Torcia, 4 *Whartons Criminal Law* 462, at 21 (15th ed.1996)) (emphasis added). This is consistent with the Virginia Supreme Court's language in *Harris:* "The fear of bodily harm ... must result from the words or conduct of the accused *rather than the temperamental timidity of the victim.*" *Harris,* 3 Va.App. at 521, 351 S.E.2d 356 (emphasis added); *see also Bivins v. Com.,* 19 Va.App. 750, 753, 454 S.E.2d 741 (Va.Ct.App.1995) (citing *Harris* ).

Further, the argument is perhaps irrelevant because sources like the Model Penal Code § 222.1 and Black's Legal Dictionary do not require an objective reasonableness standard. *See* Model Penal Code § 222.1 (West 2012); Black's Law Dictionary, robbery (9th ed.2009).

### III. CONCLUSION

Therefore, Defendant's objection to the § 2L1.2 crime of violence enhancement is **DENIED:** Virginia's robbery is a crime of violence within the Guidelines' enumerated offense.