IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-50584

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CARLOS ROJAS-GUTIERREZ, also known as Juan Carlos
Rojas, also known as Juan Guiterrez-Rojas

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Juan Carlos Rojas-Gutierrez ("Rojas") pled guilty to illegal reentry after deportation, a violation of 8 U.S.C § 1326(a) and (b)(2). The district court enhanced his sentence by sixteen levels after determining that Rojas's prior conviction under California Penal Code § 220(a) qualifies as a crime of violence under the United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2. Rojas now appeals the sentence imposed by the district court, contending that the district court plainly erred by enhancing his sentence sixteen levels for a prior crime of violence.

We hold that the district court committed no error, plain or otherwise: Every offense defined by California Penal Code § 220(a) qualifies as a crime of

violence for the purpose of the Sentencing Guidelines because the statutory subsection is the common sense equivalent to the enumerated offense of aggravated assault. The ordinary, contemporary, and common meaning of aggravated assault includes "assault with intent to commit a felony." This is exactly what California Penal Code § 220(a) criminalizes. Consequently, Rojas's prior conviction was for a crime of violence. We therefore affirm the judgment of the district court.

## I.

Rojas pled guilty to illegal reentry after deportation in violation of 8 U.S.C § 1326(a) & (b)(2). The presentence report ("PSR") recommended a base offense level of eight. The PSR also recommended a sixteen-level enhancement based on a prior conviction for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), and a three-level reduction for acceptance of responsibility. The district court adopted all of the recommendations of the PSR, which resulted in an advisory guideline range of forty-one to fifty-one months. Rojas was sentenced to forty-eight months of imprisonment and three years of supervised release. He now appeals the sixteen-level enhancement of his sentence.

## II.

## A.

Rojas concedes that his prior conviction was under California Penal Code § 220(a), which criminalizes assault with intent to commit certain listed felonies. Rojas argues, however, that a conviction under California Penal Code § 220(a) does not qualify as a crime of violence under § 2L1.2.[1]

---

[1] Rojas also argues that the district court erred by relying on the PSR to determine that his prior conviction was for a particular offense defined by the statutory subsection, that is, assault with intent to commit rape. Rojas concedes that the conviction at issue is under California Penal Code § 220(a), which criminalizes assault with intent to commit certain listed felonies. Because every offense defined by this statutory subsection qualifies as a crime of violence, we need not address this additional argument.

This court reviews this issue de novo. United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc). However, because Rojas did not object to the enhancement at sentencing, our review is for plain error only. United States v. Castillo, 386 F.3d 632, 636 (5th Cir. 2004). To obtain relief, Rojas must show: (1) error; (2) that is plain (clear or obvious); and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If this showing is made, the decision to correct the forfeited error is then within this court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 734. We thus turn to apply the plain error analysis to decide this appeal, first addressing whether, to be sure, error of any sort was committed by the district court.

## B.

The commentary to U.S.S.G. § 2L1.2 states that a prior conviction may qualify as a crime of violence either (1) if it is for one of the enumerated offenses listed in that section or (2) if it is for a crime that has as an element the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[2] We need only address whether Rojas's conviction was for an enumerated offense.

To determine whether a prior conviction qualifies as a crime of violence as an enumerated offense, this court employs what we have called a common sense

---

[2] U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) states:

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

approach.  United States v. Mungia-Portillo, 484 F.3d 813, 816 (5th Cir. 2007). The government argues that Rojas committed the enumerated offense of aggravated assault.  Accordingly, we must determine whether offenses under California Penal Code § 220(a) are equivalent to the enumerated offense of aggravated assault "as that term is understood in its ordinary, contemporary, and common meaning." Id. (internal quotation marks and citation omitted).  If the statute of conviction "encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, the conviction is not a crime of violence as a matter of law."  Id. (internal quotation marks and citation omitted). To distill the ordinary, contemporary, and common meaning of an enumerated offense, this court looks to sources such as the Model Penal Code, Professor LaFave's treatise, and legal dictionaries.  Id.  In comparing the definitions provided by these sources to the statute of conviction, the statute of conviction need not correlate precisely with the generic definition.  United States v. Santiesteban-Hernandez, 469 F.3d 376, 381 (5th Cir. 2006).

As we have noted, Rojas concedes that he was convicted under California Penal Code § 220(a), which criminalizes assault with intent to commit certain listed felonies.  The question then is whether each offense stated in California Penal Code § 220(a) can be included in the ordinary, contemporary, and common meaning of aggravated assault.  California Penal Code § 220(a) states that "[e]xcept as provided in subdivision (b), any person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of section 264.1, 288, or 289 shall be punished by imprisonment in the state prison

for two, four, or six years."[3] This statute criminalizes any assault accompanied with intent to commit one of the listed felonies.

Professor LaFave's definition of aggravated assault notes that "[i]n all jurisdictions statutes punish, more severely than simple assault, such aggravated assaults as 'assault with intent to murder' (or to kill or rob or rape) and 'assault with a dangerous [or deadly] weapon.'" 2 Wayne R. LaFave, Substantive Criminal Law, § 16.3(d). The definition of aggravated assault provided in Black's Law Dictionary similarly notes that aggravated assault is a "[c]riminal assault accompanied by circumstances that make it more severe, such as the intent to commit another crime or the intent to cause serious bodily injury, esp. by using a deadly weapon." Black's Law Dictionary (8th ed. 2004).

California Penal Code § 220(a), which criminalizes assault with the intent to commit certain listed felonies, fits perfectly within the definitions of aggravated assault provided by Professor LaFave's treatise and by Black's Law Dictionary. Each of these sources indicates that aggravated assault includes assault with intent to commit another felony.[4] This is exactly what California Penal Code § 220(a) criminalizes.[5]

---

[3] Although it is irrelevant to our analysis given that the ordinary, contemporary, and common meaning of aggravated assault includes assault with intent to commit another felony, we note that the offenses defined in §§ 264.1, 288, and 289 are crimes against the person involving forms of sexual assault. California Penal Code § 667.5(a)(15) indicates that every offense defined by California Penal Code § 220(a) is a violent felony.

[4] We do not decide whether every assault with intent to commit another crime is an aggravated assault under § 2L1.2. That is, we do not hold that an assault with intent to commit some truly insignificant offense would be an aggravated assault.

[5] The Model Penal Code provides a definition of aggravated assault that is different from that provided by Professor LaFave and Black's Law Dictionary. Nevertheless, California Penal Code §220(a) comfortably falls within the definition of aggravated assault provided by the Model Penal Code. California Penal Code § 240 defines "assault" as this term is used in California Penal Code §220(a). California Penal Code §240 defines "assault" as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." The Model Penal Code, in comparison, states that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury purposely,

Rojas argues, however, that not every offense listed in California Penal Code § 220(a) is equivalent to the enumerated offense of aggravated assault. We stress that we are employing a common sense approach: Even if the fit between the enumerated offense of aggravated assault and the ordinary, contemporary, and common meaning of aggravated assault may not be precise in each and every way, slight imprecision would not preclude our finding a sufficient equivalence. Nevertheless, Rojas directs this court to People v. Quintero, 37 Cal. Rptr. 3d 884, 898 (Cal. Ct. App. 2006), for the proposition that "aggravated assault is not necessarily included within the offense of aggravated mayhem," mayhem being one of the offenses listed by California Penal Code § 220(a). His point seems to be that if the proposition he advances is true, then assault with intent to commit mayhem would not be a crime of violence as it would not be equivalent to the enumerated offense of aggravated assault. And, of course, if assault with intent to commit mayhem is not equivalent to the enumerated offense of aggravated assault, then California Penal Code § 220(a) would encompass a particular prohibited behavior that is not within the ordinary, contemporary, and common meaning of aggravated assault.

To argue that assault with intent to commit mayhem is not a crime of violence seems rather bold, especially when one pauses to consider the definition of mayhem: "Every person who unlawfully and maliciously deprives a human

---

knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." Model Penal Code § 211.1(a). Both California Penal Code § 220(a) and Model Penal Code § 211.1(a), then, define aggravated assault as an assault that attempts to cause serious injury to another, with the California Penal Code referencing the intended commission of one of several felonies as well as "violent injury on the person of another" and the Model Penal Code referencing "serious bodily injury."

Although there may be minor differences between these two definitions, these differences are irrelevant, as the statute of conviction need not correlate precisely with the generic definition. United States v. Santiesteban-Hernandez, 469 F.3d 376, 381 (5th Cir. 2006). We neither find nor have we been directed to any determinative distinction between California Penal Code § 220(a) and Model Penal Code § 211.1(a).

being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem." Cal. Penal Code § 203. Even so, we now briefly address this argument.

Quintero only establishes that assault with a deadly weapon is not necessarily included within the offense of aggravated mayhem. See Quintero, 37 Cal. Rptr. 3d at 897-98 ("Quintero finally contends his convictions of assault with a deadly weapon or by means of force likely to produce great bodily injury and battery with serious bodily injury must be reversed because they were necessarily included offenses of his aggravated mayhem conviction."). The quote referenced by Rojas is taken out of context and does not address the question at issue in this case. To be clear, Quintero does not indicate that mayhem is not an aggravated assault; it only distinguishes mayhem from other means of committing an aggravated assault. And that two means are distinguishable is unremarkable, as it is of course true—as indeed the Quintero court notes—that mayhem may be inflicted without the use of a deadly weapon. But the more fundamental point is the one we again emphasize: We are attempting to determine whether each of the offenses stated in California Penal Code § 220(a) is equivalent to the enumerated offense of aggravated assault.

We therefore hold that Rojas has not satisfied the first prong of the plain error standard, that is, the district court committed no error. Rojas has conceded that he was convicted under California Penal Code § 220(a), and this statutory subsection criminalizes only offenses that fall within the ordinary, contemporary, and common meaning of aggravated assault. Rojas's prior conviction consequently qualifies as a crime of violence.

## III.

The judgment of the district court is AFFIRMED.