**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-31187
Summary Calendar

UMEKKI L GREEN

Plaintiff - Appellant

v.

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-1819

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Umekki Green, proceeding *pro se*, contests the summary judgment awarded the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (LSU), but only on two procedural points: the district court's not giving Green adequate time to obtain new counsel; and, (2) its denying Green's motion to supplement the record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Green, a black female, was employed at the R.L. Redd Swanson Center for the Youth as a graduate social worker. Louisiana law, and Green's job, required her to be licensed by the State Board of Social Workers. Although Green was warned in November and December 2005 that her provisional license would expire on 31 December 2005, she allowed it to do so. In January 2006, she was suspended without pay until she renewed it. She did so and returned to work at the end of that month.

Upon her return, she appealed her suspension without pay; the State Civil Service Commission determined suspension without pay was an inappropriate sanction; a Louisiana Court of Appeal affirmed; and Green received back pay for the suspension period. She resigned from her position in March 2006.

In October 2006, she filed a Charge of Discrimination with the EEOC, claiming the January 2006 suspension constituted racial discrimination. The EEOC mailed a Dismissal and Notice of Rights letter in July 2007.

Green filed this action in November 2007, claiming discrimination on the basis of race and gender, retaliation for having engaged in protected activity, a hostile-work environment, and constructive discharge. In September 2008, Green's counsel withdrew, and she was given 45 days to obtain new counsel or to proceed *pro se*.

LSU moved for summary judgment that October. On 24 October, Green advised she would proceed *pro se*. On 10 November, 2008, the district court granted LSU summary judgment, concluding: Green failed to make a *prima facie* case of her racial-discrimination claims; and Green had failed to exhaust her non-racial-discrimination claims, because her EEOC complaint only addressed discrimination on the basis of race.

As noted, Green challenges only the amount of time the district court granted her to obtain new counsel and that court's denial of her motion to supplement the record. In other words, she does not contest the summary

judgment on the merits. Accordingly, she has abandoned this issue. *See, e.g.*, *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.") (citations omitted). Assuming she does challenge the summary judgment, it was proper, essentially for the reasons stated by the district court. In addition, Green falls far short of adequately briefing either issue presented.

Because Green failed to object to the time given her to obtain new counsel, we review this issue only for plain error. *E.g., Love v. Nat'l Med. Enter., Inc.*, 230 F.3d 765, 771 (5th Cir. 2000) (error raised for the first time on appeal regarding "procedural propriety of the summary judgment ruling" is reviewed for plain error only.) "To obtain relief, [Green] must show: (1) error; (2) that is plain (clear or obvious); and (3) that affects [her] substantial rights." *United States v. Rojas-Gutierrez*, 510 F.3d 545, 548 (5th Cir. 2007). Even if this showing is made, it is within our discretion to correct the error; generally, we will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Green has not established that the 45 days granted her to obtain new counsel was error. "A trial court's exercise of its discretion to either grant or deny a continuance will not be disturbed on appeal absent a clear abuse of discretion." *United States v. Hughey*, 147 F.3d 423, 431 (5th Cir. 1998). The summary record does not indicate that 45 days constituted an inadequate amount of time for Green to obtain new counsel, nor that she was otherwise afforded an inadequate amount of time to respond to the summary-judgment motion. Accordingly, Green has not shown plain error.

For her other issue, Green contends the district court erred by denying her motion to supplement the record. On 22 December 2008, more than a month after the 10 November 2008 final judgment and 17 days after Green filed her

notice of appeal, she moved the district court to supplement the record. (The district court did not deny Green's motion; it rejected it as deficient.) "The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). In short, the district court lacked jurisdiction to consider Green's motion.

AFFIRMED.