# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40049

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CESAR ANTONIO CORTEZ-ROCHA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1156-1

Before JOLLY, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Cesar Cortez-Rocha pled guilty to being found unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b). Cortez was sentenced to 77 months imprisonment by the district court based on the presentence report calculation of a base level offense of eight and a 16-level "crime of violence" enhancement stemming from a 1997 Texas conviction for "aggravated assault." Cortez appeals his sentence and argues that his prior

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40049

conviction does not constitute a crime of violence under the sentencing guidelines. We agree and VACATE and REMAND for resentencing.

BACKGROUND AND PROCEDURAL HISTORY

Cortez was sentenced following his guilty plea to being found unlawfully present in the United States following deportation. 8 U.S.C. § 1326(a), (b). The presentence report (PSR) recommended that Cortez's base offense level of eight be increased by 16 levels due to a 1997 Texas state court conviction for "aggravated assault," which the PSR considered to be a crime of violence under the Sentencing Guidelines. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The prior Texas conviction stemmed from an indictment for attempted murder, but Cortez pled to the lesser included offense of aggravated assault.

The crime of violence enhancement led to an offense level of 24, reduced to a level of 22 for Cortez's acceptance of responsibility. The recommended criminal history score placed him in a criminal history category of VI and resulted in a Guidelines range of 84-105 months. Cortez filed an objection to the 16-level enhancement, arguing that the government "has failed to present competent evidence that would justify such an enhancement"; he also argued that the Texas conviction was not a crime of violence under U.S.S.G. § 2L1.2 because the statute can be violated in a way that does not constitute the generic offense of aggravated assault and is not otherwise a crime of violence under U.S.S.G. § 2L1.2. The district court adopted the 16-level enhancement in the PSR, implicitly overruling the objection. Cortez was sentenced to a 77-month term of imprisonment, at the bottom of the guideline range after Cortez received a reduction in level for acceptance of responsibility. Cortez filed a timely notice of appeal.

DISCUSSION

The district court's characterization of a prior offense as a crime of violence is a question of law we review *de novo* where the issue has been

No. 13-40049

preserved. *United States v. Bonilla*, 524 F.3d 647, 651-52 (5th Cir. 2008). "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F. 3d 270, 272 (5th Cir. 2009); *see* FED R. CRIM. P. 51(b). At sentencing, Cortez objected to the application of the crime-of-violence enhancement in arguing that the Government "failed to present competent evidence that would justify such an enhancement" and that "should the Government present competent evidence to establish the nature of the offense of conviction, the elements of the offense, and the fact of conviction, it is urged that the same does not qualify as a crime of violence, as defined under U.S.S.G. §2L1.2." While short of the specific articulation and citation to authority of the arguments before us, Cortez's objections were sufficiently specific to explain the substance of his objection and to preserve the error and its attendant *de novo* standard of review.

Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides in illegal reentry cases for a 16-level increase to a defendant's base offense level when the defendant was previously deported following a conviction for a felony that constitutes a crime of violence. An offense qualifies as a crime of violence if it either falls under one of the enumerated offenses, or the residual clause as an offense that has as an element the use, attempted use, or threatened use of physical force. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii); *United States v. Martinez-Flores*, 720 F.3d 293, 295 (5th Cir. 2013). We consider each possibility.

I.      *Whether Cortez's conviction qualifies as the enumerated offense of aggravated assault*

While aggravated assault is a listed offense in U.S.S.G. § 2L1.2, the Guidelines do not define the offense. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). This court must determine whether the Texas crime of aggravated assault fits within the generic, contemporary meaning of the offense, even if the state's

3

name for the offense is identical to that enumerated in the Guidelines. *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006). This approach looks to the Model Penal Code, treatises, modern state codes, and dictionary definitions. *United States v. Esparza-Perez*, 681 F.3d 228, 229-30 (5th Cir. 2012). "When comparing the state conviction with the generic, contemporary meaning of the crime, we examine the elements of the statute of conviction rather than the specifics of the defendant's conduct." *Martinez-Flores*, 720 F.3d at 296. If all of the conduct prohibited by a state statute falls within the generic definition of the listed offense, then the prior offense is a crime of violence. *United States v. Gomez-Gomez*, 547 F.3d 242, 244 (5th Cir. 2008).

If the statute can be violated in a way such as to not constitute a crime of violence, this court can decide whether the defendant's conduct constituted a crime of violence by reviewing, under what has become known as the "modified categorical approach," the charging papers, written plea agreement, guilty-plea transcript, factual findings by the trial judge to which the defendant assented, or jury instructions. *Shepard v. United States*, 544 U.S. 13, 16-17 (2005).

The judgment on the 1997 conviction states that Cortez was convicted of aggravated assault in the third degree and expressly makes no finding on use of a deadly weapon. No statute of conviction is stated. The judgment refers to the fact that he was charged by an indictment, but that indictment also does not identify a section of the Texas Code that supports the charge. The parties here agree that the conviction was under Section 22.02 of the Texas Penal Code. At the time of the offense, October 14, 1993, Section 22.02(a) provided that a person commits aggravated assault if he commits an assault under Section 22.01 and he:

    (1)    causes serious bodily injury to another, including the person's spouse;

No. 13-40049

(2)     threatens with a deadly weapon or threatens to cause bodily injury or causes bodily injury to [specified public employees, including peace officers], when the person knows or has been informed that the person assaulted is [one of the specified public employees]: (A) while the [specified public employee] is lawfully discharging an official duty; or (B) in retaliation for or on account of an exercise of official power or performance of an official duty [as a specified public employee];

(3)     causes bodily injury to a participant in a court proceeding when the person knows or has been informed the person assaulted is a participant in a court proceeding: (A) while the injured person is lawfully discharging an official duty; or (B) in retaliation for or on account of the injured person's having exercised an official power or performed an official duty as a participant in a court proceeding; or

(4)     uses a deadly weapon.

TEX. PENAL CODE § 22.02(a)(1)-(4) (West 1989) (titled "Aggravated Assault"), *quoted as amended by* Acts 1991, 72nd Leg., ch. 334, § 2, eff. Sept. 1, 1991.

The Government concedes that some conduct prohibited by the statute would not qualify for the enhancement. It contends, though, that using the indictment under the modified categorical approach reveals that Cortez was convicted of using a deadly weapon to commit the assault. It is true that the indictment charged Cortez with attempted murder by firing into a vehicle with a deadly weapon. We have held that a conviction under Section 22.02(a) for "aggravated assault with a deadly weapon" constitutes a crime of violence under the guidelines. *United States v. Guillen-Alvarez*, 489 F.3d 197, 199 (5th Cir. 2007).

The problem with the Government's argument, though, is that the modified categorical approach considers the elements of the crime of conviction. *See Descamps v. United States*, 133 S.Ct. 2276, 2285 (2013). The indictment is an important source of information under the modified categorical approach, but we cannot rely on any part of an indictment that "charges a crime of which [the defendant] was not convicted." *Bonilla,* 524 F.3d

No. 13-40049

at 652.  We agree with the reasoning of a non-precedential opinion of this court that the indictment language is not usable even if a defendant "was convicted of a lesser included offense [of one of the counts in an indictment].  Unless a defendant is re-indicted on the pled-to crime or the original indictment specifies the relevant lesser included offense, courts may not rely on the indictment's factual allegations." *United States v. Cabrera*, 478 F. App'x 204, 208 (5th Cir. 2012).

We identify what we do know about the 1997 conviction.  Cortez was convicted under Section 22.02 of the Texas Penal Code, but nothing reveals which particular subsection of Section 22.02 applied.  His conviction was categorized as being for a third-degree aggravated assault.  The state court's judgment explicitly stated that no findings were made about the use of a deadly weapon.  Because no usable document provides information to limit the breadth of Section 22.02 as applied to Cortez's conviction, "we consider [the statute] as a whole to determine whether [the defendant's] conviction qualifies as a crime of violence." *Bonilla*, 524 F.3d at 653.

We have previously held that a conviction under Section 22.02(a) is not one "within the generic, contemporary meaning of aggravated assault as it is used in Section 2L1.2." *Fierro-Reyna*, 466 F.3d at 329-30.  At least some of Section 22.02's subparts involve "prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, [and thus] the conviction is not a crime of violence as a matter of law." *Id.* at 327 (quotation marks omitted).  For example, through its categorizing simple assault on a police officer as an aggravated assault, Section 22.02 can be violated by means beyond the generic, contemporary meaning of aggravated assault. *Id.* at 329.  Thus, the whole of the statute cannot be read to constitute a crime of violence.

Cortez's conviction under Section 22.02, considered as the whole statute and without the ability to pare down his conviction to a particular subsection,

cannot be a conviction for a crime of violence involving the enumerated offense of aggravated assault.

II.     *Whether Cortez's conviction qualifies as a crime of violence under the use of physical force clause*

Cortez argues his conviction is not a crime of violence under the use of physical force clause because on its face it does not include as an element the use, attempted use, or threatened use of physical force against the person of another. "Force," when "used in the statutory definition of a 'crime of violence,' is 'synonymous with destructive or violent force.'" *United States v. Landeros-Gonzales,* 262 F.3d 424, 426 (5th Cir. 2001) (quoting *United States v. Rodriguez-Guzman,* 56 F.3d 18, 20 n.8 (5th Cir. 1995).

A conviction under the Texas statute for simple assault, Section 22.01, is not a crime of violence under the use of force clause because it merely requires that the defendant cause bodily injury to another, which may occur from acts other than the actual, attempted, or threatened use of physical force. *See United States v. Villegas-Hernandez,* 468 F.3d 874, 882 (5th Cir. 2006). Conviction under Section 22.02 requires the commission of an assault in violation of Section 22.01 and one or more of the aggravating factors listed within the statute. TEX. PENAL CODE § 22.02(a) (West 1989). These aggravating factors include "caus[ing] serious bodily injury to another" and factors based on the status or position of the victim. *Id.* In either case, an assault under Section 22.01 and a Section 22.02 aggravating factor could be committed absent the use of destructive or violent force. As Cortez could be convicted under the Texas statute for causing serious bodily injury or for assaulting a peace officer absent proof he used physical force, his prior offense is not a crime of violence based on U.S.S.G. § 2L1.2's use of force clause. *See Villegas-Hernandez,* 468 F.3d at 880-81.

We VACATE the sentence and REMAND for resentencing.