# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 16-41390

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GEORGE MARTINEZ,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-292-1

Before JOLLY and ELROD, Circuit Judges, and STARRETT, District Judge.[*]
KEITH STARRETT, District Judge:[**]

Appellant, George Martinez, approached a border patrol station in his truck. A border patrol agent noted several factors that indicated Martinez had hidden contraband in the spare tire under the truck. He knelt and "smacked" the spare tire with the palm of his hand. Concluding that the tire contained something solid, the agent conducted a canine search, and the dog alerted to

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.
[**] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41390

the area around the spare tire.  Agents removed the tire, cut it open, and discovered marijuana.

Martinez was indicted for possession with the intent to distribute 13.42 kilograms of marijuana.  He filed a motion to suppress the results of the search, arguing that the agent's "smacking" the spare tire constituted an illegal search which tainted everything which followed.  The trial court held a suppression hearing and denied the motion, finding that the "smack" did not constitute a search under the Fourth Amendment.  Martinez entered a conditional guilty plea and preserved his right to appeal the denial of the motion to suppress.

The parties raised three issues on appeal: 1) whether the agent's physically striking a spare tire mounted under a vehicle constitutes a search under the Fourth Amendment, 2) whether the agent had probable cause for such a search, and 3) whether Martinez consented to the search.  Because we find that the border patrol agent had probable cause to search the truck, it is not necessary to address the other issues.  Accordingly, we AFFIRM the decision below.

## I.

On March 18, 2016, Appellant, George Martinez, drove his truck into the border patrol checkpoint in Falfurrias, Texas.  Border Patrol Agents Gilbert Castaneda and Francisco Carriaga were assigned to the primary inspection lane.  Agent Carriaga observed the truck approach.  Both Martinez and his passenger were drinking beer.  Because it was unusual for drivers to openly drink while passing through the checkpoint, Carriaga believed that they were attempting to divert his attention from the truck.  As the truck passed by him into the primary lane, Carriaga's dog conducted a "free-air sniff," but did not alert.

While Castaneda spoke with Martinez and his passenger, Carriaga visually inspected the truck's exterior.  The truck had temporary paper tags,

No. 16-41390

which indicated to Carriaga that it was a "throw down" vehicle that a smuggler could abandon if necessary.

Carriaga also noticed that the exterior of the truck—including its tires and wheels—was clean, but the rear bumper and the visible portion of the spare tire mounted under the truck were dirty.  It appeared to Agent Carriaga that water and dirt had been thrown onto the rear bumper and spare tire, because the dirt looked "powdered."  He knelt down near the spare tire and noticed that it was dirtier than the rest of the truck's undercarriage.  Carriaga testified that smugglers frequently hide contraband in spare tires, and that they often try to conceal the odor with mud.

While kneeling behind the truck, Agent Carriaga "smacked" the sidewall of the spare tire with the palm of his hand.  This was an investigative technique that he had utilized before.  According to Carriaga, a normal spare tire would produce an echo and bounce slightly, but one loaded with contraband would not echo.  Carriaga heard and felt a solid thud when he struck Martinez's spare tire, indicating that something was inside it.

In light of these observations, Carriaga signaled to Castaneda that the truck should be referred to the secondary inspection lane.  Castaneda asked Martinez for his consent to search the vehicle, and Martinez gave it.

In the secondary inspection lane, Carriaga conducted a systematic canine search of the vehicle.  The dog alerted to the area around the rear bumper and spare tire.  The agents removed the spare tire, cut it open, and found nine bundles of marijuana.

Martinez was indicted for possession with the intent to distribute 13.42 kilograms of marijuana.  He filed a motion to suppress the marijuana, arguing that Agent Carriaga's "smacking" of the spare tire was an illegal search that tainted the later-discovered evidence.  In response, the Government argued that the "smack" was not a search because Martinez had no reasonable

3

No. 16-41390

expectation of privacy in the spare tire, and that Carriaga had reasonable suspicion to believe that the truck contained contraband before he hit the tire.

The district court held a suppression hearing and heard testimony from Agent Castaneda, Agent Carriaga, and Martinez.  It ruled that the "smack" was not a search under the Fourth Amendment and denied the motion to suppress.  Martinez entered a conditional guilty plea, preserving his right to appeal the denial of the motion to suppress.  The district court sentenced him to fifteen months of imprisonment and three years of supervised release, and he filed a timely notice of appeal.

On appeal, Martinez argues that the district court erred in denying his motion to suppress.  He argues that Agent Carriaga's "smacking" the spare tire constituted an illegal search under the Fourth Amendment, which tainted everything that occurred thereafter.  He also argues that the search was not supported by probable cause and that the Government waived any argument to the contrary by failing to raise it before the district court.  We need only address whether Agent Carriaga had probable cause to search the truck.

## II.

When reviewing a district court's denial of a motion to suppress, the court reviews "the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Broca-Martinez*, 855 F.3d 675, 678 (5th Cir. 2017).  "The government bears the burden of showing the reasonableness of a warrantless search or seizure." *United States v. Monsivais*, 848 F.3d 353, 357 (5th Cir. 2017).  When reviewing the denial of a motion to suppress, the court "view[s] the evidence in the light most favorable to the party that prevailed in the district court." *Id.*  "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to

4

observe the demeanor of the witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

### III.

Martinez contends that the Government waived any argument that Agent Carriaga had probable cause to search the vehicle by failing to raise it before the district court. The court "may affirm the district court's judgment on any basis supported by the record; however, the general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal." *St. Paul Surplus Lines Ins. Co. v. Settoon Towing, LLC*, 720 F.3d 268, 280 (5th Cir. 2013) (citations omitted). "[A]n argument is preserved when the basis . . . presented below gave the district court the opportunity to address the gravamen of the argument presented on appeal." *United States v. Garcia-Perez*, 779 F.3d 278, 281–82 (5th Cir. 2015). The argument "must be sufficiently specific to alert the district court to the nature of the [argument] and to provide an opportunity" for the court to address it. *Id.* at 282.

The Government did not specifically argue to the district court that Agent Carriaga had probable cause to strike the sidewall of the spare tire. But in its briefing before the district court the Government mentioned, albeit in cursory fashion, that "there was reasonable suspicion sufficient to justify the limited intrusion in this case." Also, at the suppression hearing, the Government recited various reasons why Agent Carriaga suspected drugs were in the spare tire and argued that the alleged search was justified because he had "reasonable suspicion" to believe the tire contained contraband. Although the Government did not articulate the correct standard for warrantless searches of automobiles, *see United States v. Ortiz*, 781 F.3d 221, 229 (5th Cir.

2015) (probable cause required for warrantless search of an automobile), its argument was sufficient to alert the district court to the issue of whether the warrantless search was justified and preserve the issue for appeal. *Cf. United States v. Ocana*, 204 F.3d 585, 589 (5th Cir. 2000) (where appellant made general objection to PSR, district court had opportunity to address issue despite no specific reference to sentencing guidelines); *United States v. Cortez-Rocha*, 552 F. App'x 322, 324 (5th Cir. 2014) (where appellant did not specifically cite sentencing guidelines before trial court, objection was still sufficient to preserve issue on appeal).

## IV.

"A warrantless search is presumptively unreasonable unless it falls within an exception to the Fourth Amendment's warrant requirement." *United States v. Guzman*, 739 F.3d 241, 245–46 (5th Cir. 2014). "One of those exceptions is that a warrantless search of an automobile with probable cause is justified where circumstances make a warranted search impracticable." *Id.* at 246. In other words, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *Maryland v. Dyson*, 527 U.S. 465, 467 (1999).

In this context, probable cause "consists of trustworthy facts and circumstances within the officer's knowledge that would cause a reasonably prudent man to believe the car contains contraband. Probable cause determinations are not to be made on the basis of factors considered in isolation, but rather on the totality of the circumstances." *Guzman*, 739 F.3d at 246. The court must consider "the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers." *United States v. Edwards*, 577 F.2d 883, 895 (5th Cir. 1978). These factors "are not technical ones, but rather factual and

No. 16-41390

practical ones of everyday life on which reasonable and prudent persons, not legal technicians, act." *United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989).

Agent Carriaga testified that he has been a border patrol agent at the Falfurrias checkpoint for eight years. He also testified that both Martinez and his passenger were drinking beer when they approached the checkpoint. He said this was unusual, and he believed that they intended to divert his attention from the vehicle. He observed that the exterior of the entire truck, including the wheels and tires, was clean – except the rear bumper and spare tire. Agent Carriaga said the dirt was "powdered," as if water and dirt had been thrown over the rear bumper and spare tire. When he knelt down, he observed that the rest of the truck's undercarriage was cleaner than the area near the spare tire. Agent Carriaga testified that smugglers sometimes use mud to conceal the odor of contraband, and that it is a "common practice" to smuggle narcotics in spare tires.

Carriaga also testified that the vehicle had paper tags, and that smugglers frequently buy "throw down" vehicles that they can abandon at need. Although Carriaga admitted on cross-examination that the truck was a "Platinum Edition" Ford F-150 – a more valuable, higher end truck – he noted that it was used, rather than new.

Finally, Carriaga testified that his dog conducted a "free air sniff" as the truck passed him in the primary lane, but she did not alert. On a free air sniff, the dog searches on its own with minimal commands. But during a systematic search, the agent commands the dog to search specific areas as they move around the vehicle. It did not surprise Carriaga that the dog failed to alert during the free air sniff because she was a new dog and very distracted.

This court has recognized that attempting to mask odor frequently suggests the presence of contraband. *See, e.g.*, *United States v. Pena-Gonzalez*, 618 F. App'x 195, 199 (5th Cir. 2015) (listing cases). Also, it has given weight

No. 16-41390

to an agent's observation that a vehicle's appearance was unusual or atypical. *See, e.g. United States v. Nichols*, 142 F.3d 857, 871 (5th Cir. 1998); *United States v. Inocencio*, 40 F.3d 716, 723 (5th Cir. 1994).   Finally, the court has credited a border patrol agent's testimony based on his experience and familiarity with the geographical area.   *Inocencio*, 40 F.3d at 723.   Here, the agent articulated several observations which, based on his eight years of experience at this checkpoint, indicated that the truck's spare tire contained contraband.    Viewing this testimony in the light most favorable to the Government, and giving due deference to the district court's assessment of the evidence, the court finds that Agent Carriaga had probable cause to believe the truck contained contraband before he "smacked" the spare tire.    Therefore, even if the "smack" was a search, it did not violate the Fourth Amendment.

## V.

For these reasons, we AFFIRM the district court's denial of Appellant's motion to suppress.

8